

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0120-19

**TALAWRENCE DONYEA TENNELL, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## BRAZOS COUNTY

*Per curiam. Keller, P.J., filed a dissenting opinion, joined by Hervey, Yeary, and Slaughter, J.J.*

### O P I N I O N

Appellant was arrested in connection with the death of his girlfriend's seven-month-old daughter. He was transported to the county jail where he was interviewed during the booking process by Lisa Coleman, a paramedic working in the medical division at the jail. Coleman completed a medical intake form for appellant in which he admitted to using PCP "a lot" and on the day in question. Coleman testified at trial and a page from the intake form, State's Exhibit 137, was admitted into evidence over

appellant's hearsay objection.

The court of appeals upheld the trial court's ruling on the ground that the exhibit was admissible as a business record, TEX. R. EVID. 803(6), and as a statement made for medical treatment or diagnosis, TEX. R. EVID. 803(4). *Tennell v. State*, No. 01-17-00571-CR slip op. (Tex. App.–Houston [1ˢᵗ Dist.] Dec. 31, 2018)(not designated for publication).

Appellant has filed a petition for discretionary review in which he disputes that the exhibit was a statement for medical treatment under Rule 803(4). He also claims in part that "the First Court of Appeals did not address mandatory language from *Cole*[ *v. State*, 839 S.W.2d 798 (Tex. Crim. App. 1990)] that business records admissibility under Rule 803(6) was subordinated to the public records exception of Rule 803(8) when law enforcement–at least in a criminal trial–generated the 'business' records sought to be received in evidence." The State has filed a reply in which it argues in part that the court of appeals issued an alternative holding that appellant "waived" his hearsay objection. Upon review of the parties' pleadings in the court below, we conclude that there are issues that were raised but were not addressed by the court of appeals.

In its brief to the court of appeals, the State argued that appellant waived his hearsay objection to the exhibit. Appellant responded in a reply brief. In the opening paragraphs of its opinion, the court of appeals made the following isolated statement: "We conclude that Tennell waived his hearsay objection . . .." *Tennell*, slip op. at 2. The court of appeals subsequently addressed appellant's hearsay issues at length on the merits and held that the trial court did not abuse its discretion in admitting the exhibit. The court

did not mention its earlier, unsupported statement that appellant had waived the issue. We conclude that the court of appeals failed to fully address the preservation issue raised by the State and argued by the parties.

In his brief on appeal, appellant argued in part that the exhibit did not meet the public records exception under Rule of Evidence 803(8) because it recorded "matters observed by law enforcement personnel."[1] In his subsequent Reply Brief before the court of appeals, appellant cited *Cole*. *Cole* involved the admission of a lab report prepared by an absent DPS chemist which included results of tests conducted on physical evidence collected from the sexual assault victim. The State claimed the report was admissible under 803(6) as a business record, but Cole claimed it was in contravention of 803(8)'s prohibition of "matters observed by law enforcement personnel." The Court concluded that DPS chemists are indeed "law enforcement personnel" within the meaning of Rule 803(8). *Cole*, 839 S.W.2d at 803. Further, given that the report at issue involved subjective analyses within an adversarial criminal investigative context, its contents constituted "matters observed." *Id.* at 805; *id.* at 809-810 (Opinion on reh'g). Finally, the Court concluded that because that the report was barred from admissibility under 803(8), as matters observed by law enforcement personnel, "it would be inconsistent with the intended effect of that rule to then allow such evidence to be admitted under [Rule]

---

[1] Rule 803(8) provides in relevant part that the following is an exception to the hearsay rule: "A record or statement of a public office if . . . it sets out . . . a matter observed while under a legal duty to report, *but not including, in a criminal case, a matter observed by law-enforcement personnel*." TEX. R. EVID. 803(8) (emphasis added).

803(6) as a business record." *Id.* at 806; *see also id.* at 810-12 (Opinion on reh'g).

Appellant in the instant case quoted the following language from *Cole* in his Reply Brief

below:

> Having determined that the Department of Public Safety chemist's reports are barred from admissibility via the exception in TRCE 803(8)(B) as matters observed by law enforcement personnel, we also believe it would be inconsistent with the intended effect of that rule to then allow such evidence to be admitted under TRCE 803(6) as a business record.

Appellant's Reply Brief at 22. Thus, applying *Cole*'s reasoning here, if the exhibit is not

admissible as a public record under Rule 803(8), then it is not admissible as a business

record under Rule 803(6). In his petition, appellant complains that the court of appeals

failed to address the applicability of Rule 803(8)'s public records exception in light of

*Cole*, and its impact on the applicability of Rule 803(6). We agree. The court of appeals

did not address appellant's argument although it was adequately raised.

We grant appellant's petition for discretionary review, vacate the judgment of the

court of appeals, and remand this case to that court to address (1) whether appellant

forfeited his hearsay claim and, if not, then; (2) whether the exhibit constitutes "matters

observed by law enforcement personnel" under Rule 803(8), and if so, then (3) whether,

under *Cole*, the exhibit would still be admissible as a business record under 803(6) or as a

medical record under 803(4).

Delivered June 26, 2019
Do not publish